**Pauline PALMER–WILLIAMS,
Plaintiff–Appellant,**

v.

**YALE NEW HAVEN HOSPITAL,
Defendant–Appellee.**

**No. 11–1709–cv.**

United States Court of Appeals,
Second Circuit.

Sept. 10, 2012.

Pauline Palmer–Williams, Hamden, CT, pro se.

Jeffrey R. Babbin, Jenny R. Chou, Wiggin and Dana LLP, New Haven, CT, for Appellee.

PRESENT: RALPH K. WINTER, ROBERT D. SACK, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff Pauline Palmer–Williams appeals *pro se* from an award of summary judgment in favor of defendant Yale New Haven Hospital on her federal and state law claims of discrimination in employment based on race, national origin, and sex. We review the challenged judgment *de novo* and we will affirm only if the record, viewed most favorably to Palmer–Williams, admits no genuine issue as to any material fact and establishes the defendant's entitlement to judgment as a matter of law. Fed.R.Civ.P. 56(a); *see Gould v. Winstar Commc'ns, Inc.,* 686 F.3d 108, 117–18 (2d Cir.2012). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

After an independent review of the record and relevant case law, we conclude, substantially for the same reasons articulated by the district court in its well reasoned order, that defendant was entitled to summary judgment. No different conclusion is warranted by the challenge Palmer–Williams raises on this appeal to the performance of her retained counsel, as the law holds a litigant bound by her attorney's actions in such circumstances. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (stating that a party who "voluntarily chose [an] attorney as his representative in [an] action ... cannot ... avoid the consequences of the acts or omissions of this freely selected agent"); *accord Bergerson v. N.Y. State Office of Mental Health,* 652 F.3d 277, 289 (2d Cir.2011) ("[A]ll litigants are bound by the concessions of freely retained counsel." (internal quotation marks omitted)). We have considered Palmer–Williams's arguments on appeal and find them to be without merit.

For the foregoing reasons, the district court's judgment is AFFIRMED.